## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: 2:23-cv-00135-JAW |
| Plaintiff | AMENDED COMPLAINT |
| vs. | RE:<br>17 Romeys Way f/k/a 45 Straw Road,<br>Gorham, ME 04038 |
| **Lorelle Courtois a/k/a Lorelle T. Courtois** | Mortgage:<br>June 4, 2007<br>Book 25168, Page 287 |
| Defendant | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, for Foreclosure and Sale of the above-named premises as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Lorelle Courtois a/k/a Lorelle T.

Courtois, is the obligor and the total amount owed under the terms of the Note is Five Hundred Twenty-Four Thousand Two Hundred Fifty Two and 36/100 ($524,252.36) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars, however, Lorelle Courtois a/k/a Lorelle T. Courtois's, personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a federally-chartered corporation with its principal place of business located at 1100 15th Street NW, Washington, D.C. 20005.

5. The Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, is a resident of East Weymouth, County of Norfolk and State of Massachusetts.

## FACTS

6. On June 4, 2007, by virtue of a Warranty Deed from Brenda Edgerley (fka Brenda J. Low), which is recorded in the Cumberland County Registry of Deeds in **Book 25168, Page 285**, the property situated at 17 Romeys Way f/k/a 45 Straw Road, City/Town of Gorham, County of Cumberland, and State of Maine, was conveyed to Lorelle T. Courtois, being more particularly described by the attached Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On June 4, 2007, Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, executed and delivered to First Magnus Financial Corporation a certain Note under seal in the amount of $244,500.00, however, Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois's, personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on June 4, 2007, Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for First Magnus Financial Corporation, securing the property located at 17 Romeys Way f/k/a 45 Straw Road, Gorham, ME 04038 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 25168**, **Page 287**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. On or about June 23, 2015, Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, filed a Chapter 7 Bankruptcy in the District of Maine (Portland) at Docket No. 15-20470.  *See* Exhibit D (a true and correct copy of the Chapter 7 Bankruptcy Docket is attached hereto and incorporated herein).

10. The Defendant listed her intention as to the Property in her bankruptcy schedules as "Surrender".  *See* Exhibit E (a true and correct copy of the Debtor's Statement of Intention included with her bankruptcy Schedules is attached hereto and incorporated herein).

11. On or about August 7, 2015, DLJ Mortgage Capital, Inc. ("DLJ") filed a Motion for Relief from Stay to which the Defendant filed a Consent on the same date.  *See* Exhibit D

12. On August 12, 2015, the Bankruptcy Court issued an Order Granting DLJ Relief from the Automatic Stay.  *See* Exhibit F (a true and correct copy of the Order Granting Relief is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated June 2, 2014 and recorded in the Cumberland County Registry of Deeds in Book 31706, Page 316.  Plaintiff is not relying on the MERS assignment of mortgage and has included a copy of this document pursuant to 14 M.R.S. § 6321. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. In order to establish its standing, following the decision in *Beal Bank v. New Century Mortgage Corporation,* 217 A.3d 731 (October 1, 2019), the Plaintiff obtained a Quitclaim Assignment of Mortgage directly from the Receiver appointed by Court Order, also attached, to execute same in the jurisdiction where the originating entity was incorporated. *See* Exhibit H (a true and correct copy of the Quitclaim Assignment and related Order is attached hereto and incorporated herein).

15. Plaintiff relies upon the Quitclaim assignment wherein the Mortgage was assigned to Federal National Mortgage Association dated September 8, 2022 and recorded in the Cumberland County Registry of Deeds in Book 39743, Page 150, for its standing to foreclose.

16. This is an action for Foreclosure and Sale only against the subject property and Lorelle Courtois a/k/a Lorelle T. Courtois's, personal liability was limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge and in turn the Plaintiff only seeks an *in rem* judgement against the subject property.

17. On November 30, 2022, the Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. While upon information and belief the Defendant does not occupy the subject premises, and in turn 14 M.R.S. 6111, does not apply, the Demand Letter informed the Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, of the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter which clearly acknowledged that Lorelle Courtois a/k/a Lorelle T. Courtois's, personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit I.

19. The Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 (if applicable) and/or Note and Mortgage were strictly performed.

23. The total debt owed under the Note and Mortgage as of January 27, 2023 is Five Hundred Twenty-Four Thousand Two Hundred Fifty Two and 36/100 ($524,252.36) Dollars, however, Lorelle Courtois a/k/a Lorelle T. Courtois's, personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge, which includes:

| Description | Amount |
|---|---:|
| Principal Balance | $233,025.71 |
| Interest | $216,118.03 |
| Escrow Advance | $49,139.16 |
| Deferred Late Fees | $315.78 |
| Corporate Advance | $25,653.68 |
| Grand Total | $524,252.36 |

24. Upon information and belief, the Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, is not in possession of the subject property originally secured by the Mortgage as the property is, upon information and belief vacant.

## COUNT I – FORECLOSURE AND SALE

25. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an *in rem* action for Foreclosure and Sale respecting a real estate related Mortgage and title located at 17 Romeys Way f/k/a 45 Straw Road, Gorham, County of Cumberland, and State of Maine, however, Lorelle Courtois a/k/a Lorelle T. Courtois's, personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge and the Plaintiff only seeks an *in rem* judgment against the subject property. *See* Exhibit A.

27. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

28. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, is presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2013, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note, however, Lorelle Courtois a/k/a Lorelle T. Courtois's, personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge.

30. The total debt owed under the Note and Mortgage as of January 27, 2023 is Five Hundred Twenty-Four Thousand Two Hundred Fifty Two and 36/100 ($524,252.36) Dollars, however, Lorelle Courtois a/k/a Lorelle T. Courtois's, personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge.

31. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois's, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, but only seeks *in rem* judgment against the property.

33. While not required, Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, on November 30, 2022, evidenced by the Certificate of Mailing.  *See* Exhibit I.

34. The Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, is not in the Military as evidenced by the attached Exhibit J.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois's, discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, is in breach of the Note by failing to make payment due as of September 1, 2013, and all subsequent payments, however, as affected by Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, but only seeks *in rem* judgment against the property;

d) Find that the Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, entered into a contract for a sum certain in exchange for a security interest in the subject property;

e) Find that it was the intent of the Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, and the original lender, First Magnus Financial Corporation, on June 4, 2007 to create a mortgage on the property commonly known as and numbered as 17 Romeys Way f/k/a 45 Straw Road, Gorham, ME 04038;

f) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

g) Find that while the Defendant, Lorelle Courtois a/k/a Lorelle T. Courtois, has no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 17 Romeys Way f/k/a 45 Straw Road, Gorham, ME 04038;

h) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: April 14, 2023

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com